UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. TOBIN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　　　Defendant. | No. 2:20-cv-1598-EFB P<br><br><br>ORDER |

  James M. Tobin is a state prisoner proceeding without counsel.  This action was opened when he submitted to the court an unsigned letter. ECF No. 1.  Mr. Tobin has not property commenced a civil action.  Until Mr. Tobin submits a signed petition or a signed complaint and either pays the filing fee or meets the requirements of 28 U.S.C. § 1915(a), there is simply no case before the court.

  To commence a civil action, a party is required to file a complaint or a petition.  Fed. R. Civ. P. 3; Rule 3, Rules Governing § 2254 Cases; *Woodford v. Garceau*, 538 U.S. 202, 203 (2003).  Federal courts offer two main avenues to relief on complaints related to one's imprisonment – a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights complaint pursuant to 42 U.S.C. § 1983.  Challenges to the validity of one's confinement or the duration of one's confinement are properly brought in a habeas action, whereas requests for relief turning on the circumstances of one's confinement are properly brought in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

If Mr. Tobin wishes to challenge the validity or duration of his conviction, he must file an application for a writ of habeas corpus using this court's form petition. In addition, he must either file an in forma pauperis affidavit or pay the required filing fee ($5.00). *See* 28 U.S.C. §§ 1914(a); 1915(a).

If Mr. Tobin wishes to challenge his conditions of confinement, he must file a prisoner civil rights complaint using this court's form complaint. In addition, a plaintiff must pay the $400 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed in forma pauperis and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). Section 1915(a)(2) requires "a prisoner seeking to bring a civil action without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined."

Finally, Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

Accordingly, it is hereby ORDERED that:

1. The Clerk of the Court shall send to Mr. Tobin the court's forms for application for writ of habeas corpus, prisoner civil rights complaint, and application for leave to proceed in forma pauperis.

2. Within 30 days of the date of this order, Mr. Tobin shall either pay the appropriate filing fee or submit a complete application for leave to proceed in forma pauperis.

3. Within 30 days of the date of this order, Mr. Tobin shall file a signed petition for writ of habeas corpus or a signed prisoner civil rights complaint.

/////

/////

4. Failure to comply with this order may result in this case being closed.

DATED: August 17, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE